LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KELLY NI, *on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class,*

        Plaintiff,

    v.

HSBC BANK USA, N.A.,

        Defendant.

---

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, KELLY NI ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant HSBC BANK USA, N.A.("Defendant") and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), she and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime; (2) unpaid wages, including overtime, wages due to time shaving; (3) liquidated damages; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendant: (1) unpaid overtime; (2) unpaid wages, including overtime, wages due to time shaving; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

3.      Defendant HSBC Bank USA, N.A. is the American subsidiary of the multinational company HSBC.  Defendant, as the United States' arm of parent company HSBC, offers banking and financial services across the United States while operating and setting nationwide policy from its headquarters located at 452 Fifth Avenue, New York City, NY 10018.  Plaintiff, putative collective members, and putative class members are all current and former employees working as personal bankers and bank tellers for Defendant, and were victims of Defendant's underpayment of wages, including overtime.  Defendant instituted a nationwide policy of not compensating the thirty (30) minute lunchbreaks of employees, despite employees being forced to work through the entirety of their lunch.  While clocked-out for lunch, employees were required to eat at their station, respond to phone calls, and aid in customer requests.  Plaintiff, putative collective members, and putative class members were (i) not permitted to leave their premises of work for lunch, (ii) not permitted a free and clear meal-break and (iii) were forced to work through lunch entirely.  Despite employees like Plaintiff never being permitted a free and clear meal-break, Defendant never compensated Plaintiff and other employees for this time.  *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 64 (2d. Cir. 1997) (Finding a lack of free and clear lunch break in part due to the fact employees lacked flexibility with regard to the lunch break and their presence at the work site was indispensable.); *see also* 29 C.F.R. Section 785.19 ("The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.").

4.     Further, between the dates of March 15, 2020 until March 15, 2021, the date that vaccines which received Emergency Use Authorization by the FDA in December of 2020 became widely available for use, the Pandemic influenced how consumers interacted with personal bankers working for Defendant. Defendant's policies during this period forced employees to engage in off-the-clock work.  Due to the heavily decreased foot traffic during this period, Plaintiff, putative collective members and putative class members working at any of Defendant's facilities were all forced to work off-the-clock hours to sign up customers to meet Defendant's quotas.  During COVID, Plaintiff, putative collective members, and putative class members were considered essential workers and continued working from Defendant's branches.  As clients did not want to travel in public to Defendant's branch offices, Plaintiff was forced to work after hours to pursue leads and word of mouth referrals at addresses amenable to clients for purposes of signing new accounts and meeting quotas. Managers instituted a policy requiring off-the-clock work, as they mandated quotas requiring overtime yet specifically told employees no one was to work over 40 hours per week. To meet both requirements (no clocked-in work over forty hours and quotas) Plaintiff and putative collective and class members were all forced to clock out before exceeding a 40-hour workweek, but also work past forty hours to sign up the new clients.

5.     Each of Defendant's branches shared this improper lunch policy, quota requirements and, for the period of March 15, 2020 to March 15, 2021, requirement of off-the-clock work.  Plaintiff brings this wage and hour class action on behalf of putative collective members, and putative class members who were similarly underpaid by Defendant in violation of protections afforded under the FLSA and the applicable wage laws of each State where Defendant operates.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District.

## PARTIES

8.     Plaintiff KELLY NI is a resident of Queens County, New York.

9.     Defendant offers banking and financial services from offices and branches in cities across the United States including New York, Los Angeles, Chicago, Atlanta, Houston, Seattle, Miami, San Francisco, and Washington, DC ("Branch Locations").

10.    All the Branch Locations are managed by the same executive management team operating from the same Headquarters in New York, which sets standardized policies and managerial training.  Further, each Branch Location is engaged in related activities, share common ownership, and have a common business purpose:

> (a) Defendant HSBC BANK USA, N.A., maintains a centralized payroll department and human resources department.  Defendant operates a single career page allowing interested persons to apply to positions relating to all Branch Locations.  Despite listing open positions across the country, Defendant centralizes payroll positions, marketing positions, executive management positions, IT positions, and other administrative roles at Defendant's headquarters in New York, New York or at its parent companies' office branch in Virginia, which shares the same career page.

(b) When seeking leave or company assistance with other employment issues, employees are directed to contact the same central office, which evaluates requests, hires, fires, trains managerial employees, and sets company-wide policy.

(c) Plaintiff and other employees were transferred between Branch Locations. When employees move to differing Branch Locations, they are subject to the same wage and hour policies and procedures established by Defendant.

11.     Defendant HSBC Bank USA, N.A. is a foreign corporation organized under the laws of the State of Virginia with a principal place of business located at 452 Fifth Avenue, New York City, NY 10018, and an address for service of process at 95 Washington Street, Sixth Floor, Buffalo, NY 14203.

12.     At all relevant times, Defendant was and continues to be an "enterprise engaged in business" within the meaning of the FLSA and the state wage laws and the regulations passed thereunder.

13.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendant.

14.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## NATIONWIDE FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendant as personal bankers and bank tellers at any Branch Location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper overtime wages at the rate of one-and-one-half times the regular rate of pay, due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ACTION ALLEGATIONS

18.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of herself and a class of all non-exempt employees employed by Defendant as personal bankers and bank tellers at any Branch Location in the six (6) years, or the relevant statutory period of each state's applicable labor law if longer, prior to the filing of the Complaint in this case (the "Class").

19.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

20.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, there is no doubt that there are more than forty members of the Class.

21.    Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same practices of Defendant as alleged herein of: (i) failing to pay them proper overtime wages; (ii) failing to pay them proper wages, including overtime, due to time shaving, and (iii) failing to provide wage and hour notices and proper wage statements, as required by State laws and regulations.

22.    Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.    Defendant and other employers throughout the country violate state wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and the Class within the meaning of the state wage and hour laws;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class members properly;

c. At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiff and Class members for their work;

d. Whether Defendant properly notified Plaintiff and the Class members of their regular hourly rate and overtime rate;

e. Whether Defendant properly compensated Plaintiff and Class members for all hours worked, including overtime hours;

f. Whether Defendant failed to compensate Plaintiff and Class members for all hours worked, due to a policy of time shaving;

g. Whether Defendant paid Plaintiff and the Class members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for all hours worked in excess of forty each workweek;

h. Whether Defendant provided to Plaintiff and Class members wage and hour notices, at date of hiring and as required thereafter under state wage and hour laws; and

i. Whether Defendant provided to Plaintiff and Class members proper wage statements with each payment of wages as required by state wage and hour laws.

## STATEMENT OF FACTS

27.     On or about September 12, 2019, Plaintiff was hired by Defendant to work as a Personal Banker at Defendant's HSBC branch at 250 Park Avenue, New York, NY 10177. Plaintiff started working on October 7, 2019. Plaintiff's employment with Defendant was terminated in or around March 15, 2021.

28.     While employed by Defendant, Plaintiff was scheduled to work either from 8:00 a.m. to 5:00 p.m., or from 9:00 a.m. to 6:00 p.m., working nine hours per day, five days per week, for a total of approximately forty-five hours per week. FLSA Collective Plaintiffs and Class members worked similar hours.

29.     Throughout her employment Plaintiff was compensated at an annual salary of $44,000, or a rate of approximately twenty-two dollars per hour by bi-weekly checks. FLSA Collective Plaintiffs and Class members were similarly compensated salaries and rates by bi-weekly checks.

30.     Plaintiff, FLSA Collective Plaintiffs, and Class members were not paid for all overtime hours worked. Plaintiff estimates that she would be missing approximately five hours of overtime pay each week. FLSA Collective Plaintiffs and Class members were similarly short overtime pay every week.

31.     Plaintiff, FLSA Collective Plaintiffs, and Class members are all current and former employees working as personal bankers and bank tellers for Defendant, and were victims of Defendant's underpayment of wages, including overtime.  Defendant instituted a nationwide policy of not compensating the thirty (30) minute lunch breaks of employees, despite employees being forced to work through the entirety of their lunch.  While clocked-out for lunch, employees were required to eat at their station, respond to phone calls, and aid in customer requests.  Plaintiff,

10

FLSA Collective Plaintiffs, and Class members were (i) not permitted to leave their premises of work for lunch, (ii) not permitted a free and clear meal-break and (iii) were forced to work through lunch entirely.  Despite employees like Plaintiff never being permitted a free and clear meal-break, Defendant never compensated Plaintiff and other employees for this time.

32.    Due to Defendant's policy of not compensating meal breaks, Plaintiff, FLSA Collective Plaintiffs and Class members were not compensated for thirty minutes per day worked. As a result, Plaintiff, FLSA Collective Plaintiffs and Class members did not receive compensation for all hours, including overtime, worked.

33.    From on or around March 15, 2020 and lasting until March 15, 2021, during the height of the Pandemic, consumer foot traffic at all of Defendant's facilities decreased.  Due to this change, Plaintiff, FLSA Collective Plaintiffs and Class members were all forced to work off-the-clock hours to sign up customers to meet Defendant's sales quotas.  During COVID, Plaintiff, putative collective members, and putative class members were considered essential workers and continued working from Defendant's branches.  As clients did not want to travel in public to Defendant's branch offices, Plaintiff was forced to work after hours to pursue leads and word of mouth referrals at addresses amenable to clients for purposes of signing new accounts and meeting quotas. Managers instituted a policy requiring off-the-clock work, as they mandated quotas requiring overtime hours to meet, yet they specifically told employees no one was to work over 40 hours per week. To meet both requirements (no clocked-in work over forty hours and quotas), Plaintiff, FLSA Collective Plaintiffs and Class members were all forced had to clock out prior before exceeding a forty-hour workweek, but also work past her forty hours to sign up the new clients.

34.     Plaintiff would work forty-five minutes off-the-clock in order to sign-up more clients per day. Therefore, Plaintiff was time shaved a total of three-and-three-quarters (3.75) hours per week for this violation. All FLSA Collective Plaintiffs and Class members were subject to this unpaid off-the-clock work. As a result, Plaintiff, FLSA Collective Plaintiffs and Class members did not receive compensation for all hours, including overtime, worked.

35.     Defendant knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

36.     Defendant knowingly and willfully operated their business with a policy of not providing proper wage notices and statements as required by NYLL and other state wage laws.

37.     In failing to provide proper wage statements and notices, Defendant has failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the State legislature. Defendant's failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendant's conduct, there is a reason why the State legislatures, such as the New York legislature, concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

38.     Due to Defendant's failure to provide legally mandated notices such as earning statements and wage notices, Defendant was able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to

provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

39.     Defendant knowingly and willfully operated their business with a policy of not properly compensating either FLSA overtime rate (of time and one-half) or the State wages and overtime (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs, and Class members, including due Defendant's policy of time shaving.

40.     Defendant knowingly and willfully subjected Plaintiff, FLSA Collective Plaintiffs, and Class members to time shaving of hours worked in violation of the FLSA and the State wage laws.

41.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### NATIONWIDE VIOLATION OF THE FAIR LABOR STANDARDS ACT

42.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

43.     At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.     At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45.    At all relevant times, Defendant had gross annual revenues in excess of $500,000.

46.    At all relevant times, Defendant had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay, due to time shaving.

47.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48.    Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendant knew or should have known such was due.

49.    Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50.    As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

51.    Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages; unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

52.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

53.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

54.     At all relevant times, Plaintiff and Class members were employed by the Defendant within the meaning of the NYLL, §§2 and 651.

55.     Defendant knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay, including due to time shaving, in violation of the NYLL.

56.     Defendant knowingly and willfully failed to provide wage and hour notices to Plaintiff and Class members, as required by NYLL § 195(1).

57.     Defendant knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by NYLL § 195(3).

58.     Due to the Defendant's NYLL violations, Plaintiff and Class members are entitled to recover from Defendant her unpaid overtime wages; unpaid wages, including overtime, due to a policy of time shaving; statutory penalties; reasonable attorney's fees; and costs and disbursements of the action.

## COUNT III

## VIOLATION OF APPLICABLE STATE WAGE AND HOUR LAWS

59.     Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

60.     At all relevant times, Class members were employed by Defendant within the meaning of the applicable state wage and hour laws.

61.     Defendant knowingly and willfully violated Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

62.     Defendant knowingly and willfully failed to provide proper wage statements and notices to Class Members, as required under the applicable state wage and hour laws.

63.     Due to Defendant's state law violations, Class members are entitled to recover from Defendant their unpaid overtime compensation, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and State wage laws;

b)  An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c)  An award of unpaid overtime wages;

d)  An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due to time shaving due under the FLSA and State wage laws;

e)  An award of statutory penalties as a result of Defendant's failure to comply with the State wage laws' wage notice and wage statement requirements;

f)  An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for overtime wage, pursuant to the FLSA and/or state wage laws;

g)  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

h)  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i)  Designation of this action as a class action pursuant to F.R.C.P. 23;

j)  Designation of Plaintiff as Representative of the Class; and

k)  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 13, 2023

Respectfully submitted,

By:    */s/ C.K. Lee*
           C.K. Lee, Esq.

           LEE LITIGATION GROUP, PLLC
           C.K. Lee (CL 4086)
           Anne Seelig (AS 3976)
           148 West 24th Street, 8th Floor
           New York, NY 10011
           Tel.: 212-465-1188
           Fax: 212-465-1181
           *Attorneys for Plaintiff,*
           *FLSA Collective Plaintiffs, and the Class*