USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KELLY NI, on behalf of herself, FLSA Collective Plaintiffs, and the Class,

                                Plaintiff,

           -against-

HSBC BANK USA, N.A.,

                                Defendant.
-----------------------------------------------------------------X

23-CV-0309 (AS) (KHP)

**DISCOVERY OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      In this wage and hour action, which has been conditionally certified as a collective under the Fair Labor Standards Act ("FLSA"), Plaintiff seeks certain information in discovery relevant to the claims under the FLSA and to claims under the New York Labor Law ("NYLL"). (ECF No. 133.) Plaintiff anticipates filing a motion for class certification with respect to the NYLL claims, and the information sought is also relevant to that anticipated motion.

      In particular, for the six-year period preceding the filing of the complaint, Plaintiff seeks a metadata log showing email, text, and direct message ("DM") activity for a sample of the putative class to evaluate whether employees worked through their lunch breaks and/or after their branch closed for the day. Plaintiff requests that the metadata log include the names of the sender and recipient of the email/text/DM, the date and time the message was sent/received, and the subject line of the message. Plaintiff will then match the activity against time records of the employees in the sample to determine whether there is any activity during the employee's recorded lunch hour or after-hours. Therefore, the requested discovery is directly related to Plaintiff's claims that personal bankers worked off-the-clock through lunch

and after hours but were not paid for that time. Plaintiff proposes the sample include data from 93 personal bankers, who worked across 53 different HSBC branches, covering the last three months of each year of the sampled individual's employment. This sample would represent about 15% of the personal bankers in the putative NYLL class, about 25% of the Defendant's branches, and about 25% of the total time period covered by the class for those individuals in the sample.

Defendant does not dispute the relevance of the information sought but contends the sample size is disproportionate to the needs of the case. It argues that pulling metadata is a "manual process" and requires a "manual data pull" for each individual in the sample. Therefore, Defendant proposes that the sample be further reduced to include only 24 branches and 49 personal bankers, or, 8% of the individuals in the putative class who worked across about 12% of the branches. Defendant contends this smaller sample is not materially different than that sought by Plaintiff but would be less burdensome on its limited staff given Defendant exited the mass market retail banking business two years ago. Defendant also seeks to limit its production to include only metadata for messages *sent* by putative class members as opposed to metadata for messages the class members sent *and* received. Defendant argues that limiting the metadata only to messages *sent* by employees reflects that "receiving a communication is not germane to whether an employee is working."

Rule 26 of the Fed. R. Civ. P. defines the scope of discovery to consist of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The specific proportionality factors to be considered

2

are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  Rule 1 of the Federal Rules of Civil Procedure requires that the rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see* Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment (noting that "the parties share the responsibility to employ the rules in the same way").

      Here, Plaintiff has proposed a reasonable sample of electronically stored information ("ESI").  Since Plaintiff does not seek the content of any emails, texts or DMs, Defendant will not need to expend resources reviewing the content of the ESI.  Instead, Plaintiff seeks metadata logs only to evaluate whether (and to what extent) employees in the sample engaged in work activity over lunch or after-hours, as alleged in the complaint.  Moreover, the proposed sample does not even include the whole putative class or the whole six-year statute of limitations period.  Instead, it seeks a sample for a relatively modest, but informative, portion of the putative class.  Defendant provides no specific information about the monetary costs or the estimated hours involved in collecting the metadata.  While the Court recognizes the Plaintiff's proposed sample will involve effort and time, Courts do permit discovery from samples of 25% or more of a class.  *See, e.g.*, *Lapointe v. Target Corp.*, 16-cv-216, 2017 WL 3288506 (N.D.N.Y. Mar. 24, 2017)(ordering production of relevant information for a sample representing 30% of nationwide putative class, pre-conditional certification in a FLSA action).

3

Plaintiff's proposed sample is therefore well within a sample size that courts find reasonable and representative.  Notwithstanding the foregoing, the appropriate (and proportionate) sample size for this metadata exercise is not by default the appropriate sample for future discovery requests.  Where the discovery sought is more burdensome, such as email searches, written discovery ordeposition testimony, a smaller sample size would be more proportionate.  *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 192–93 (S.D.N.Y. 2014) (collecting cases holding a 10% sample of a putative class is appropriate for more extensive written discovery or depositions.)  Given the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the likelihood that the information sought will quickly inform both sides of the scope of any potential off-the-clock time worked, I find that Plaintiff's proposal is proportional to the needs of the case and the benefits of Plaintiff's proposed discovery outweigh the relative burdens on Defendant.

However, the Court has two clarifications as to the collection of the metadata.  First, the metadata collected will be for the last quarter of each calendar year in the six-year period preceding the complaint, even though there may be some employees in the sample who were not employed for all or a portion of these quarters because of their employment's start and end dates.  In other words, the data collection will be tied to each calendar year, instead of each employee's individual employment year(s).  Second, the Court does not agree with Defendant's contention that only the metadata for messages *sent* is relevant to Plaintiff's claims.  While it is true that messages received and not opened and responded to during lunch or after hours does not indicate that the recipient worked, the employee may have responded to received emails

4

during the relevant periods and may be needed for context. Therefore, Defendant must produce metadata for messages both sent and received by putative class members.

For the reasons set forth above, Defendant shall produce the metadata logs in a form consistent with this opinion.

**SO ORDERED.**

DATED:	New York, New York
	February 29, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge